# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-79V

| | |
|---|---|
| ROBERT PHONEPRASITH,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: July 3, 2024 |

*Jerome A. Konkel, Samster, Konkel & Safran, S.C., Milwaukee, WI,* for Petitioner.

*Jennifer A. Shah, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 27, 2022, Robert Phoneprasith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a left shoulder injury related to vaccine administration, a defined Table injury or, in the alternative a caused-in-fact injury, after receiving an influenza vaccine on October 17, 2019. Petition, ECF No. 1. On October 6, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 30.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $25,057.16 (representing $24,521.80 in fees plus $535.36 in costs). Application for Attorneys' Fees and Costs ("Motion") filed April 8, 2024, ECF No. 35. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 35-1 at 18.

Respondent reacted to the motion on April 22, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 36. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested for all work performed in this matter through the end of 2023 for Jerome Konkel, Ryan Truesdale, and their associated paralegals are reasonable and consistent with our prior determinations and will therefore be adopted herein. Petitioner has also requested the hourly rate of $555 for 2024 work performed by attorney Konkel, representing a rate increase of $30 from the previous year; and the hourly rate of $182 for 2024 work performed by paralegals. ECF No. 35-1 at 1-3. These rates are also acceptable.

However, Petitioner's requested rates for work performed by attorney Jubaile Abila ($340 per hour for 2023, and $358 per hour for 2024) require adjustment. Ms. Abila has been a licensed attorney since 2017, placing her in the range of attorneys with 4 - 7 years' experience based on the OSM Attorneys' Fee Schedules.[3] As such, Ms. Abila is eligible for hourly rates between $289 - $386 per hour for time billed in 2023, and $305 - $407 for time billed in 2024.

But Ms. Abila only has *one year* of experience handling Vaccine Program matters, as she was just admitted to the Court of Federal Claims as of 2023. ECF No. 35-1 at 3. Determining a reasonable forum hourly rate is contingent, among other factors, on Ms. Abila's years of experience representing Petitioners in the Vaccine Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Thus, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, **I hereby find it reasonable to award Ms. Abila the lower hourly rate of $289 for time billed in 2023, and $305 for time billed in 2024. Application of the foregoing reduces the amount to be awarded herein by $617.00.**[4] Ms. Abila will be eligible for higher rates in the future, however, as she demonstrates more experience representing petitioners in the Vaccine Program.

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914.

[4] This amount is calculated as ($340 - $289 = $51 x 9.5 hrs.) + ($358 - $305 = $53 x 2.5 hrs.) = $617.00.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 35-1 at 15-17. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $24,440.16 (representing $23,904.80 in fees plus $535.36 in costs) in the form of a check jointly payable to Petitioner and his counsel, Jerome A. Konkel.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.